JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIAM ALFONSO BREED,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF STOCKTON, a governmental entity;<br>THOMAS T. MORRIS, in his capacity as Chief of Police<br>for CITY OF STOCKTON; ROBERT DUBOIS;<br>WALTER E. VANCIL; BENJAMIN CROMWELL;<br>MICHAEL T. SERNA; and GRANT BEDFORD,<br>individually, and in their capacity as police officers<br>for CITY OF STOCKTON; and, DOES 1-25, inclusive,<br><br>Defendants.<br>_____ / | Action No.<br><br>**COMPLAINT FOR VIOLATION<br>OF CIVIL RIGHTS AND DAMAGES**<br><br>**(JURY TRIAL DEMANDED)** |

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Stockton, California, which is within this judicial district. Venue is conferred upon this Court by Title 28 United States Code Section 1391(b).

1

2

## PARTIES

3    2. Plaintiff is, and at all times herein mentioned was, an African-American man, and a citizen of the
4    United States, who at the time of the subject incident was residing in the City of Stockton, California.

5    3. Defendant CITY OF STOCKTON (hereinafter referred to as "CITY") is a governmental entity, duly
6    organized and existing under the laws of the State of California. At all times herein mentioned, defendant,
7    THOMAS T. MORRIS, was the Chief of Police for the CITY. Defendant, THOMAS T. MORRIS, is
8    sued herein in his capacity as the Chief of Police for the CITY.

9    4. At all times mentioned herein, defendants ROBERT DUBOIS; WALTER E. VANCIL;
10   BENJAMIN CROMWELL; MICHAEL T. SERNA; GRANT BEDFORD ; and, DOES 1-25, inclusive,
11   were employed by defendant CITY as police officers. Said defendant police officers are sued herein
12   individually, and in their capacity as police officers for defendant CITY. In engaging in the conduct
13   described herein, defendant police officers acted under color of law and in the course and scope of their
14   employment by defendant CITY. In engaging in the conduct described herein, defendant police officers
15   exceeded the authority vested in them as police officers under the United States and California
16   Constitutions and as police officers employed by defendant CITY. Upon information and belief, plaintiff
17   alleges that named defendant officers and DOES 1-10, inclusive, were either Caucasian, Latin American,
18   and/or Asian-American.

19   5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the
20   course and scope of their employment by defendant CITY, who were directly involved in the wrongful
21   and excessive use of force against plaintiff, the wrongful and false detention and arrests of plaintiff, and
22   the racial misconduct towards plaintiff, as described hereinafter.

23   6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting within
     the course and scope of their employment by defendant CITY, who were employed in a supervisory
24   capacity by defendant CITY and were responsible in some manner for properly and adequately hiring,
25   retaining, supervising, disciplining, and training named defendant police officers employed by the CITY
26   in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a
27   manner that is not racially discriminatory.

28   7. Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and
     therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon
     alleges that each defendant so named is responsible in some manner for the injuries and damages suffered

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                                                    2

by plaintiff as set forth herein.  Plaintiff will amend his Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8.  In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY.  In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

9.  For State causes of action related to Federal claims, plaintiff is required to comply with an administrative claim requirement under California law.  Plaintiff has complied with all applicable requirements.

### STATEMENT OF FACTS

10.  On 5-9-08, at approximately 3:00 p.m. or 4:00 p.m., Irving Givens was sitting on the front porch of his home, located at 1503 Elmwood Avenue, Stockton, CA, when 3-5 police cars pulled up in front of the house.  They briskly walked to the front porch area and asked Mr. Givens where they can find plaintiff WILLIAM BREED.  Irving Givens says, "I'll go get him."

11.  Plaintiff was in his office working on a business plan on the computer in the office at the back of the house.  His uncle, Irving Givens, came in and told him that there were some officers outside who wanted to talk to him.  Plaintiff heard commotion in the back yard.  He opened up the back door and saw defendant officers tearing down the fence, and so he went back in the house, and closed the back door, but did not lock it.  He was shocked and scared.  His brother, Charles Breed, had been shot and killed by SFPD about a year before.  WILLIAM BREED walked to the center of the house and went into his grandmother's room and sat on the floor.  A mattress and a box spring were in the room up against the wall.  Also against the wall were a chair, nightstand, chest of drawers with a T.V. on top.  The reason all the furniture was up against the wall was that the plumbers were going to pour lye down under the floorboards to stop the smell of a sewage pipe that was leaking right under the floor of that room.  Plaintiff sat down with his back against the wall, so that he was facing the bedroom door.  To his right was a wall with a window, which has Irving Given's bedroom on the other side of it.  This was the window through which Irving Givens saw the assault on plaintiff.  Across from where plaintiff was sitting was another wall with a window which has the outside garden on the other side of it.  To plaintiff's left is the bedroom door which was open.

12. After a few seconds plaintiff heard the police inside the house, saying, "Police, police." Plaintiff yelled out, "I'm in my grandma's room." Then, one defendant officer came inside the bedroom. This officer had his gun drawn and pointed at plaintiff's face. Three more defendant officers barged into the bedroom behind the first one. These defendant officers then positioned themselves at the 4 corners of the room. One of the defendant officers at the wall across from where plaintiff was sitting knocked the mattress down on the floor. Plaintiff heard the whomp sound of the mattress as it hit the floor, but did not see it fall because plaintiff was looking at the defendant officer with the gun pointed at his face at that time. Right after plaintiff heard the mattress fall to the floor, the first defendant officer who was pointing his gun at plaintiff's face said, "Get down." Plaintiff complied immediately by lying down on the mattress on his stomach. The right side of plaintiff's face was on the mattress.

13. There were two defendant officers near plaintiff and two positioned across the room. Plaintiff then saw the defendant officer to his left pull his Taser out, and then that officer Tasered plaintiff once in his left shoulder blade area. Immediately after the Taser shot into plaintiff's left shoulder blade area, the defendant officer who was standing behind plaintiff then jumped on plaintiff's back, in that he stomped his left boot down hard on plaintiff's right shoulder blade area and kept it there, while at the same time that officer repeatedly punched plaintiff in the right back of his head. One of these jabbing punches by said officer hit plaintiff in his right eye, causing his right eye to hurt and his right eyelid to bleed. He could hardly open his right eye for about 2 days after this incident. During the time period that plaintiff was being Tasered and punched by defendant officers, the officers said about 2 times, "Stop resisting" Plaintiff was not resisting in any way, and responded, "I'm not resisting", about 5 or 6 time. During this assault plaintiff's arms were in the hands up position on the mattress, and he never raised them off the mattress. Plaintiff also never raised his legs or body up off the mattress.

14. After a defendant officer punched plaintiff numerous times, the two defendant officers on plaintiff's side of the room, including the one who had been punching him, handcuffed plaintiff's arms behind his back, pulled him upright and walked him out of the bedroom and out of the front door. As defendant officers were walking plaintiff out of the house, they were discussing the anonymous phone call to 911 that had allegedly caused them to go to plaintiff's house. Supposedly, the anonymous caller said that William Breed was threatening to kill police that day. However, the police have not supplied plaintiff with any record of this supposed phone call. All calls to 911 are taped, and transcripts of such tapes are

2 | made. Plaintiff was wearing a white T-shirt and blue gym shorts and sneakers at the time he was

3 | assaulted. After two defendant officers put plaintiff in the back of the police car, he asked one of

4 | defendant officers for clean shorts or underwear. He could hear defendant officers discussing what they

5 | were going to charge him with, and concluded their discussion by deciding to charge him with resisting

6 | arrest.

7 |     15.  After the incident, defendant officers took plaintiff to San Joaquin County Hospital, Stockton,

8 | where he was briefly examined. Then defendant officers took plaintiff to San Joaquin County Jail,

9 | Stockton, where he was imprisoned for about one hour. He was then released, with a citation falsely

10 | charging him with misdemeanor- resisting arrest. About one week later plaintiff went to arraignment and

11 | pled Not Guilty. Then, on 10-30-08, plaintiff went to court again, where the Judge said the incident was

12 | the fault of the police, not plaintiff; and the Judge dismissed the case.

13 |     16.  WILLIAM A. BREED had not done anything to provoke defendant officers' assault and battery

14 | upon him, and did nothing to physically resist said officers during their assault on him. Further, plaintiff

15 | was unarmed.

16 |     18.  The above-described assault and battery of plaintiff by named defendant Stockton police officers

17 | and DOES 1-10, was brutal, malicious, and was done without any just provocation or cause, proximately

18 | causing injuries and damages to plaintiff.

19 | **DAMAGES**

20 |     19.  As the direct and proximate result of defendants' wrongful conduct, including assault and battery;

21 | false arrest and imprisonment; and violation of civil rights, plaintiff was injured and damaged, as set forth

22 | herein.

23 |     20.  As a direct and proximate result of defendant officers' wrongful conduct, plaintiff suffered the

24 | following injuries and damages:

25 |     a.  Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United

States Constitution to be free from unreasonable search and seizure of his person;

26 |     b.  Loss of physical liberty;

27 |     c.  Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

28 |     d.  Violations of the following clearly established and well-settled federal constitutional rights include

but are not limited to: (1) freedom from unreasonable search and seizure of their persons under the Fourth

Amendment to the United States Contitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

e. The conduct of named defendant police officers; and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers; and,

f. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against named defendant police officers and DOES 1-10, inclusive)

21. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 20 of this Complaint.

22. In doing the acts complained of herein, named defendant police officers and DOES 1-10, inclusive, acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive)

23. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24. Defendants CITY OF STOCKTON, Stockton Chief of Police, THOMAS T. MORRIS, and DOES 11-25, supervisory employees of CITY OF STOCKTON Police Department have failed to adequately train named defendant police officers and DOES 1-10 in the proper use of force; proper detentions and arrests; proper conduct towards persons; and treating persons in a manner that is not racially discriminatory. The lack of an adequate supervisorial response and discipline by defendants CITY OF STOCKTON ("CITY"); Chief of Police, THOMAS T. MORRIS; and DOES 11-25, supervisory employees of the CITY Police Department, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy that tolerates and promotes the continuing use of excessive force against; improper detentions and arrests of; improper conduct toward; and violation of civil rights of persons within the CITY by Stockton police officers.

25. Based on information and belief, plaintiff WILLIAM A. BREED alleges that prior to the date of the subject incident involving plaintiff on 5-9-08, named defendant police officers had a history of engaging in acts of excessive force; improper detentions and arrests; and treating persons in a manner that is racially discriminatory; of which history defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive, knew or should have known for quite some time prior to the subject incident involving plaintiff. Based on information and belief, plaintiff further alleges that despite their knowledge of named defendant's repeated, egregious misconduct, defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive, failed to properly and adequately train, supervise, and discipline named defendant police officers for said repeated and egregious misconduct.

26. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of named defendant police officers, defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized said named defendant police officers, to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

27. Defendant CITY, by and through its supervisory employees and agents, THOMAS T. MORRIS, Chief of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid

unreasonable risk of harm to citizens as the proximate result of CITY police officers assaulting and battering, effecting false arrests and imprisonments, and treating persons in a racially discriminatory manner. With deliberate indifference, defendants CITY, THOMAS T. MORRIS, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With deliberate indifference, defendants CITY, THOMAS T. MORRIS, and DOES 11-25, inclusive, breached their duty of care to plaintiff in that they: (1) failed to adequately hire, retain, supervise, discipline, and train police officers, including named defendant police officers, in proper use of force, effecting proper reasonable arrests, and treating persons in a manner that is not racially discriminatory; (2) failed to have adequate policies and procedures regarding proper use of force; effecting proper arrests; and treating persons in a manner that is not racially discriminatory; (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of named defendant police officers, and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers to continue their course of misconduct of use of excessive force, effecting false arrests and imprisonments, and treating persons in a racially discriminatory manner, resulting in violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

28. This lack of adequate hiring, retention, supervision, training, and discipline of named defendant police officers demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive unreasonable force; wrongful false arrests; and treating persons in a racially discriminatory manner by police officers employed by defendant CITY.THOMAS T. MORRIS.

29. The above-described misconduct by defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

30. Further, the acts of named defendant police officers alleged herein are a direct and proximate result of the abovementioned wrongful conduct of defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the the abovementioned wrongful conduct of named defendant police officers, and the abovementioned wrongful conduct of CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Assault and Battery)
### (Against named defendant police officers and DOES 1-10, inclusive)

31. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Named defendant police officers and DOES 1-10, inclusive, placed plaintiff in immediate fear of death and severe bodily harm by assaulting and battering him without any just provocation or cause. Said defendants' conduct was neither privileged nor justified under statute or common law. As a proximate result of said defendants' conduct, plaintiff suffered damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (False Arrest and Imprisonment)
### (Against named defendant police officers and DOES 1-10, inclusive)

33. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint.

34. Named defendant police officers and DOES 1-10, inclusive, falsely arrested and imprisoned plaintiff. Said defendant officers falsely arrested and imprisoned plaintiff without just provocation or probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that plaintiff had committed a crime.

35. Said defendant officers failed to observe proper or reasonable procedures in falsely arresting and imprisoning plaintiff without probable cause.

36. As a proximate result of said defendants' conduct, plaintiff suffered damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against named defendant police officers and DOES 1-10, inclusive)

37. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38. The conduct of named defendant police officers and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

39. As a proximate result of said defendant officers' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendants. Plaintiff has suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Violation of Civil Code Section 52.1)
### (Against named defendant police officers and DOES 1-10, inclusive)

40. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

41. The conduct of named defendant police officers and defendants DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for defendant CITY, violated California Civil Code Section 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, by assaulting and battering him, and wrongfully detaining and/or arresting and imprisoning plaintiff. Further, said defendant officers violated plaintiff's right to be from racial discrimination pursuant to the 14th Amendment of the U.S. Constitution; California Constitution; and various federal and California statutes, including California Civil Code Section 52.1, in that their misconduct towards plaintiff was motivated by racial animus.

42. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

43. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiff prays for relief, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(Negligence)**
**(Against named defendant police officers and DOES 1-10, inclusive)**

44. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 43 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

45. At all times herein mentioned, named defendant police officers were subject to a duty of care to avoid causing injuries and damages to persons by not using excessive unreasonable force on them, by not effecting wrongful detentions and arrests, and by treating persons in a manner that is not racially discriminatory. The wrongful conduct of said defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers acting in similar circumstances, proximately causing plaintiff to suffer injuries and damages as set forth herein.

46. As a proximate result of said defendants' negligent conduct, plaintiff suffered severe emotional and mental distress and injury having a traumatic effect on plaintiff's emotional tranquility, and damages.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**
**(Against defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive)**

47. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 5-9-08, named defendant police officers had a history of engaging in acts of assault and battery; effecting false arrests, and treating persons in a racially discriminatory manner, of which defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff.

49. Plaintiff is informed and believes and thereon alleges that despite having such notice of named defendant police officers' prior misconduct, defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and

2  practice of misconduct and civil rights violations by named defendant police officers.

3  50. Plaintiff is further informed and believes and thereon alleges that as a result of their reckless
4  and/or conscious disregard of the prior misconduct of named defendant police officers, defendants CITY;
5  THOMAS T. MORRIS; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or
6  tacitly authorized said defendant police officers to continue their course of misconduct, resulting in the
7  violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

8  51. Defendant CITY, by and through its supervisory employees and agents, THOMAS T. MORRIS,
   Chief of Police for CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it
9  by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train,
10 retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to
11 citizens as the proximate result of CITY police officers using excessive unreasonable force, effecting false
12 arrests and imprisonments, and treating persons in a racially discriminatory manner. CITY; THOMAS T.
13 MORRIS; and DOES 11-25, inclusive, negligently failed to take necessary, proper, or adequate measures
14 in order to prevent the violation of plaintiff's rights and injuries to plaintiff. Defendants CITY; THOMAS
15 T. MORRIS; and DOES 11-25, inclusive, breached their duty of care to plaintiff in that they:
16 (1) negligently failed to adequately hire, retain, supervise, discipline, and train police officers, including
   named defendant police officers, in using proper and reasonable force; effecting proper reasonable arrests;
17 and treating persons in a manner that is not racially discriminatory;  (2) negligently failed to have adequate
18 policies and procedures regarding use of reasonable force, effecting proper arrests; and treating persons in
19 a manner that is not racially discriminatory; (3) acted with reckless and/or conscious disregard of the prior
20 misconduct of named defendant police officers, by failing to adequately hire, retain, supervise, discipline,
21 and train police officers, including named defendant police officers, in use of reasonable force, effecting
22 proper reasonable arrests; and treating persons in a manner that is not racially discriminatory; and,
23 (4) approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers, to
   continue their course of misconduct, resulting in the violation of plaintiff's rights, and injuries and
24 damages to plaintiff as alleged herein.

25 52. The above-described negligent misconduct by defendants CITY; THOMAS T. MORRIS; and
26 DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not
27 limited to the following:

28 a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth
   amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth

and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

53. Further, the acts of said named defendant police officers, alleged herein, are a direct and proximate result of the abovementioned negligent wrongful conduct of defendants CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the the abovementioned wrongful conduct of named defendant police officers and DOES 1-10, inclusive, and the abovementioned wrongful conduct of CITY; THOMAS T. MORRIS; and DOES 11-25, inclusive.

54. Defendant CITY is liable to plaintiff pursuant to Govt. Code Section 815.6; and defendants THOMAS T. MORRIS; and DOES 11-25, inclusive, are liable to plaintiff pursuant to Govt. Code Sections 820.2 and 820.4, for plaintiff's injuries and damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

55. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, plaintiff prays for relief, as follows:

1. For general damages in the sum of $ 5,000,000.00;

2. For special damages according to proof;

3. For punitive damages against named defendant police officers, according to proof;

4. For injunctive relief enjoining defendant CITY OF STOCKTON from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults on persons;

effecting unreasonable and improper arrests, detentions, and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory, in violation of  California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, punitive damages against named defendant police officers and DOES 1-10, inclusive; $ 75,000.00 for each offense; and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: 3-12-10          By: _____
                              GAYLA B. LIBET, Esq.
                              Attorneys for Plaintiff